MEMORANDUM **
Rony Najib Bodak, a native and citizen of Iraq, petitions for review of the Board *199 of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, Lopez v. Ashcroft, 366 F.3d 799, 802 (9th Cir.2004), and we grant the petition for review.
In his September 13, 2001 decision, the IJ found Bodak had suffered past persecution as a Chaldean Christian, had a well-founded fear of persecution, and that Bo-dak faced a clear probability of persecution if returned to Iraq. The IJ granted withholding of removal, but denied asylum on discretionary grounds. The BIA then remanded the case for the IJ to reconsider his well-founded fear and clear probability findings in light of changed conditions in Iraq. Upon remand, the IJ concluded Bo-dak did not have a well-founded fear of persecution or a clear probability of persecution due to changed circumstances, and denied Bodak’s asylum and withholding of removal claims. The BIA adopted and affirmed this decision.
This court subsequently issued two decisions, Hanna v. Keisler, 506 F.3d 933 (9th Cir.2007), and Mousa v. Mukasey, 530 F.3d 1025 (9th Cir.2008), involving Chaldean Christians in Iraq. In both eases, the court concluded the evidence relating to the removal of Saddam Hussein and the Ba’ath party did not eliminate the petitioners’ fear of persecution as Chaldean Christians. In light of these two decisions, we remand Bodak’s claims for asylum and withholding of removal based on his fear of persecution as a Chaldean Christian for reconsideration of whether changed circumstances rebut his presumption of future fear.
In addition, the IJ and BIA erred in ignoring Bodak’s separate claims for asylum and withholding of removal based on his fear of persecution due to his political opinion. See Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir.2005) (“the [agency is] not free to ignore arguments raised by a petitioner.”). We therefore remand these claims for further proceedings consistent with this disposition.
Finally, in light of our conclusions, we do not reach Bodak’s challenges to the BIA’s denial of his motion to remand.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.